TYSON, Judge.
Bobby Ray Martin appeals from the denial of a habeas corpus petition by the Circuit Court of Escambia County, Alabama. This petition was based upon a motion filed by the district attorney’s office pointing out that the appellant’s proper relief should be by a petition for writ of error coram nobis or for relief under Rule 20, A.R.Crim. P.Temp.
In the record before this court, this appellant had originally been convicted under three sets of guilty pleas, all entered in the Circuit Court of Etowah County, Alabama. In the first set, the appellant had entered guilty pleas to four forgery charges and received eight-year concurrent sentences. These pleas were entered in 1979 and 1980. Later the appellant was charged with burglary and grand larceny in several cases and received concurrent sentences.
Further, the record shows that the appellant, in a second set of pleas, entered guilty pleas in five forgery cases for which he received eight-year sentences, all based upon pleas of guilty.
Still later, in the third set of pleas, the appellant entered guilty pleas in several other cases, all in Etowah County, Alabama, for which he received 20-year sentences, all to run concurrently, for theft of property. These pleas were entered in March 1986.
As to all of these charges, the appellant contends that he did not knowingly and intelligently enter pleas of guilty. The attorney general has filed a motion in this court, citing to this court our opinion in Robinson v. State, 536 So.2d 136 (Ala.Crim.App.1988), wherein the issue presented was previously determined by this court. In Robinson, we determined that the habe-as corpus petition should be transferred under Rule 20.5, A.R.Crim.P.Temp., to the circuit court where the original convictions took place, and that court should be allowed to address the merits of the appellant’s contentions.
This court followed the Robinson opinion which was authored by Judge Taylor in Johnson v. State, 568 So.2d 365 (Ala.Crim.App.1990). In each of these opinions, we pointed out that the proper procedure is to transfer these cases for proper disposition to the circuit court where the original convictions took place.
In accordance with Robinson and Johnson, supra, this cause is remanded to the circuit court with instructions that the same be transferred to the Circuit Court of Etowah County for proper disposition.
REMANDED WITH DIRECTIONS.
All the Judges concur.